IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | NO. 19-402-03 |
| DEMETRIUS CEASAR | : | |
| | : | |

**MEMORANDUM**

**SURRICK, J.**                                                                                                       **AUGUST 8, 2024**

Presently before the Court is Defendant Demetrius Ceasar ("Defendant" or "Ceasar")'s *pro se* Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(2). (Mot., ECF No. 342.) Ceasar seeks a sentence reduction based on Amendment 821 to the United States Sentencing Commission Sentencing Guidelines ("Sentencing Guidelines"). For the following reasons, Defendant's Motion will be denied.

I.     **BACKGROUND**

On January 16, 2020, Defendant was charged by a Second Superseding Indictment with one count of conspiracy to commit robbery which interferes with interstate commerce, in violation of 18 U.S.C. § 1951(a) (Count One); one count of robbery which interferes with interstate commerce, and aiding and abetting, in violation of 18 U.S.C. §§ 1951(a) and 2 (Count Two); and one count of using, carrying, and brandishing a firearm during and in relation to a crime of violence, and aiding and abetting, in violation of 18 U.S.C. §§ 924(c) and 2 (Count Three). (Second Superseding Indictment, ECF No. 126.) Three co-defendants were also charged in the Second Superseding Indictment. (*Id*.) On July 29, 2021, Defendant pled guilty to Counts 1-2 of the Indictment. (ECF No. 252.) The plea agreement recommended a sentence of 87 months, and on November 9, 2021, Defendant was sentenced to 87 months imprisonment and

three years of supervised release.  (ECF Nos. 258, 259, 260, 265; Pre-sentence Investigation Report ("PSR"), ¶ 90.)

The crimes for which Defendant pled guilty carry a base offense level of 20.  (PSR, ¶ 44.)  Defendant's offense level was increased by six points because a firearm was pressed against the victim's head and struck her during the robbery.  (*Id.*, ¶ 45.)  The offense level was increased by an additional four points because the victim sustained serious bodily injury when she was bruised and cut and was transported to the hospital and received staples and stitches to her head after the robbery.  (*Id.*, ¶ 46.)  The movement of the victim throughout the house during the crime was considered to be an abduction, which required a four-level increase.  (*Id.*, ¶ 47.)  As the total value of stolen items was between $500,000 and $1,500,000 and the robbers damaged the victim's residence, a three-level increase was applied.  (*Id.*, ¶ 48.)  Defendant was provided with a two-level reduction for acceptance of responsibility and a one level reduction for the timely nature of the plea.  (*Id.*, ¶¶ 54-55.)  The total offense level after these adjustments was 34.  (*Id.*)

Defendant has one criminal history point, resulting from a 2010 conviction for a drug offense.  (*Id.*, ¶¶ 57-58.)  Based on this offense level and criminal history, the Sentencing Guideline range was 151-188 months.  (*Id.*, ¶ 90.)  This Court sentenced Defendant below the lower bound of that range to a sentence of 87 months in prison.  (*Id.*)

II.     **LEGAL STANDARD**

A district court generally may not modify a term of imprisonment after it has been imposed, but it may do so when the adopted sentencing range has been lowered by the Sentencing Commission after the sentence is final and the Commission makes the Sentencing Guideline amendment retroactive.  18 U.S.C. § 3582(c); *Dillon v. United States*, 560 U.S. 817, 821 (2010).  To evaluate whether a defendant is entitled to a sentence reduction due to a

modification of the Sentencing Guidelines, "the Court: (1) determines the defendant's eligibility for a reduced sentence and calculates their amended Guidelines range if they are eligible; and (2) considers any applicable [18 U.S.C. §] 3553(a) factors" and determines whether the reduction is warranted under the circumstances of the case. *United States v. Banks*, No. 19-431-3, 2024 WL 919835, at *1 (E.D. Pa. Mar. 4, 2024) (citing *Dillon*, 560 U.S. at 826-27). In determining eligibility for a reduced sentence, courts must follow the instructions provided by Section 1B1.10 of the Sentencing Guidelines. *Id.*

**III.   DISCUSSION**

Defendant, moving *pro se*, argues that he is entitled to a sentence reduction under 18 U.S.C. § 3582(c)(2) and the amended sentencing guideline U.S.S.G. § 4C1.1. (Mot. at 1.) The Government contends that Defendant is not eligible for a reduction in sentence under this Guideline amendment because he received one criminal history point and because a firearm was used in the commission of the crime and a victim suffered significant bodily injury. (Opp'n, ECF No. 343, at 5-6.)

We agree with the Government that Defendant is not eligible for a reduction in sentence under Amendment 821 because he has one criminal history point and based on the nature of the robbery. Furthermore, even if he qualified as a zero-point offender under Amendment 821, Defendant would not be entitled to relief because a retroactive application of the amendment would not lower his applicable guideline range.

The Sentencing Commission issued Amendment 821, effective November 1, 2023, which changes the way criminal history status points are calculated. *Banks*, 2024 WL 919835, at *1. Part B of Amendment 821, under which Defendant seeks relief, allows courts to decrease a defendant's total offense level by two points if they qualified as a "zero-point offender" when

3

they were sentenced.  U.S.S.G. § 4C1.1(a)(1); *see also Banks*, 2024 WL 919835, at *1.  To qualify as a zero-point offender, a defendant must not have "receive[d] any criminal history points" at the time of their sentencing.  U.S.S.G. § 4C1.1(a)(1).  In addition, they must meet nine additional requirements, including that "the defendant did not use violence or credible threats of violence in connection with the offense;" "the offense did not result in death or serious bodily injury;" and "the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense."[1]  *Id*. § 4C1.1(a)(3), (4), (7).  Amendment 821 applies retroactively.  *Banks*, 2024 WL 919835, at *1.

The Sentencing Commission implemented this amendment after studying recidivism rates of "zero-point offenders" as compared to all other groups of offenders.  U.S.S.G. § 4C1.1(a) at Subpart 1.  An analysis of the Commission found that "zero-point offenders" were less likely to be rearrested than "one point" offenders (26.8% compared to 42.3%), the largest variation of any comparison of offenders within the same Criminal History Category.  *Id*. (citing U.S Sent'g Comm'n, *Recidivism of Federal Offenders Released in 2010* (2021), available at https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2021/20210930_Recidivism.pdf.)  Even one criminal history point renders a defendant ineligible for a reduction in sentence under U.S.S.G. § 4C1.1.  *See United States v. Zavala*, No. 02-173-11, 2024 WL 3582632, at *3 (E.D. Pa. July 30, 2024).  Because Defendant

---

[1] The additional requirements are: the defendant did not receive an adjustment under § 3A1.4 (Terrorism); the instant offense of conviction is not a sex offense; the defendant did not personally cause substantial financial hardship; the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights); the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. 848.  U.S.S.G. § 4C1.1(a).

has one criminal history point, resulting from a 2010 conviction for a drug trafficking offense, he is not eligible for a sentence reduction under this Guideline amendment.

Defendant is also not eligible for a reduction in sentence based on the nature of the crime. Defendant pled guilty to a Hobbs Act robbery in which a 17 year-old girl was beaten with a pistol and kicked.  (PSR, ¶¶ 22-23.)  The use or threat of violence during an offense is an element of a Hobbs Act robbery.  *See United States v. Henry*, No. 23-cr-125, 2024 WL 2831811, at *2 (E.D. Pa. June 4, 2024) (citing *United States v. Taylor*, 596 U.S. 845, 850 (2022)). Defendant's offense level was increased by six points because a firearm was pressed against the victim's head and struck her during the robbery.  (PSR, ¶ 45.)  The "zero-point" reduction does not apply to crimes involving violence or threats of violence or in which a firearm is used in connection with the offense.  U.S.S.G. § 4C1.1(a)(3), (7).  Further, Defendant received a four point upward adjustment of his offense level to reflect the "serious bodily injury" sustained by the victim.  (PSR, ¶ 46.)  Crimes which lead to death or serious bodily injury are also excluded. U.S.S.G § 4C1.1(a)(4).  Accordingly, the nature of the crime to which Defendant pled guilty renders him ineligible for a sentence reduction under this Guideline amendment.

Moreover, even if Defendant was eligible for a sentence reduction under Amendment 821, the reduction is inapplicable as he received a sentence that is below the revised Sentencing Guideline.  A sentence may only be reduced if it is "consistent with the applicable policy statements issued by the Sentencing Commission."  18 U.S.C § 3582.  "If a retroactive amendment to the Guidelines 'does not have the effect of lowering the defendant's applicable guideline range,' a reduction in the defendant's sentence is inconsistent with the Commission's policy statements and therefore not authorized by Section 3582(c)(2)."  *Banks*, 2024 WL 919835, at *1 (*quoting* U.S.S.G. § 1B1.10(a)(2)(B)).

At sentencing, the Court adopted the Sentencing Commission's recommended range of 151-188 months but considered mitigating factors under 18 U.S.C. § 3553(a) and sentenced Defendant to a term of 87 months in prison. (Opp'n at 2.) Here, a two-point reduction in the offense level would lead to a sentencing range of 121-151 months. *See* U.S.S.G. Chapter 5, Part A. Because under U.S.S.G. § 1B1.10(b)(2)(A) a court shall not reduce a sentence "to a term that is less than the minimum of the amended guideline range," and Defendant's sentence of 87 months is below the amended guideline range of 121 months, this Court cannot reduce Defendant's sentence even if Amendment 821 applied to him. *See United States v. Perez*, No. 20-69, 2024 WL 246026, at *2 (E.D. Pa. Jan. 22, 2024).

## IV.  CONCLUSION

For the foregoing reasons, Defendant's *pro se* Motion will be denied. An appropriate Order follows.

**BY THE COURT:**

*R. Barclay Surrick*
**R. BARCLAY SURRICK, J.**